UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANTONIO BONDS, | ) |
| | ) |
| Plaintiff, | ) No. 1:16-cv-00085 |
| | ) No. 1:16-cv-00089 |
| | ) Senior Judge Haynes |
| v. | ) |
| | ) |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM

Plaintiff, Antonio Bonds, an inmate at South Central Correctional Center ("SCCC") in Clifton, Tennessee, filed this *pro se* action against the Tennessee Department of Corrections, "Corporations Corrections of America," Derrick Scofield,[1] Damon Hininger, Cherry Lindamood, Eric Bryant, Doreen Trafton, Ronda Staggs, Brandon Bowers, Branda Pevahouse, Robert Turman, Jessie James, Hank Inman, Christopher Martinez, David Moore, Robert Wesson, Sean Brantley, John Doe, and Jane Doe for alleged violations of the Plaintiff's civil rights. (Docket No. 1). As relief for the alleged wrongs, the Plaintiff seeks nominal and punitive damages. (*Id.* at 20).

According to the complaint, Defendant Hank Inman placed the Plaintiff, while incarcerated at SCCC, in segregation for seven days "pending investigation for alleged security threat group activity," and subsequently charged the Plaintiff on the seventh day with participating in security threat group activity, despite Defendant Inman having knowledge of the Plaintiff's innocence. (Docket No. 1 at 8). Plaintiff alleges that Defendant Brenda Pevahouse failed to hold a disciplinary

---

[1]Plaintiff likely intended to name Derrick Schofield, the former Commissioner of the Tennessee Department of Corrections.

hearing on the false charge instituted by Defendant Inman (*id.*) and that Defendants Bowers, Brantley, Staggs, and Trafton prevented Plaintiff from filing grievances about his situation. (*Id.* at 15-16).

Plaintiff alleges that, due to the actions of Defendant Eric Bryant, the Plaintiff "had to walk around with no shoes for forty-seven hours tracking dirt, dust and urine throughout [his] living quarters" (*id.* at 8); that Defendants Lindamood, Bryant, Trafton, Staggs, Bowers, Turman, James, Martinez, John Doe, Jane Doe, and Brantley failed to provide the Plaintiff with clean living quarters, access to showers, access to recreation, and access to cleaning supplies, resulting in the Plaintiff living in filthy, unsanitary, and unacceptable conditions of confinement (*id.* at 8-9); that Defendant Bowers threatened to withhold food from the Plaintiff if he kept asking about how to file grievances (*id.* at 9); that Defendants Trafton and Brantley interfered with the Plaintiff's right to practice his religion by withholding his Holy Qur'an (*id.*); that Defendant Trafton, Martinez, and Brantley withheld the Plaintiff's bed linens, shoes, shower shoes, reading materials, and legal papers from the Plaintiff for two days (*id.*); that Defendants Moore, Wesson, and Martinez did not allow Plaintiff to use the bathroom, resulting in Plaintiff urinating in a cup and on the floor (*id.*); that Defendant Trafton refused to turn off the lights in segregation from Mary 10, 2016, to May 17, 2016, preventing the Plaintiff from sleeping (*id.*); and the Defendants denied the Plaintiff access to his blood pressure medication for several days (*id.* at 14). Plaintiff alleges:

> I spent seven days without a shower and recreation, five days I had to live, eat and sleep in close confines smelling my own human waste. I was denied basic sanitation to alleviate the debasing and degrading condition. I was subject to long delays in receiving toiletries. There was no penological purpose for me to receive such physical torture. I was placed in a cell for five days that was fetid and reeking from the stench of bodily waste of previous occupants which covered the floor, sink and the urinal.

2

(*Id.* at 18).

Plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Under the PLRA, courts are required to screen complaints filed by prisoners and dismiss those complaints that are frivolous, malicious, or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

To state a claim under § 1983, the plaintiff must allege plausible facts of a deprivation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

As to Defendant TDOC, TDOC is not a "person" subject to suit under 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution bars § 1983 claims against a state or any arm of a state government. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989). TDOC is considered part of the state of Tennessee for purposes of federal civil rights claims and is therefore not a suable entity under § 1983, either for damages or injunctive relief. *See Hix v. Tenn. Dep't of Corrs.,* 196 F. App'x 350, 355 (6th Cir. 2006) ("TDOC is not a 'person' within the meaning of § 1983, and is therefore not a proper defendant.") (citing *Will,* 491 U.S. at 64); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought.") (citations omitted). Because TDOC is not a proper party in a § 1983 action, Plaintiff's claims against TDOC should be dismissed with prejudice.

Plaintiff also names Corrections Corporation of America ("CCA"), the private contractor operating the prison, as a defendant. Although a private corporation that performs a traditional state function acts under the color of state law for purposes of § 1983, CCA cannot be found liable solely on the basis of *respondeat superior. Thomas v. Coble,* 55 F. App'x 748, 748-49 (6th Cir. 2003). For CCA to be liable, an inmate must prove that his injury was caused by an action taken pursuant to some official corporate policy or custom. *Id.* at 749 (citing *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)); *see also Street v. Corr. Corp. of Am.,* 102 F.3d 810, 817 (6th Cir.1996). Plaintiff

4

does not assert that the allegedly unconstitutional conditions in which he was confined were the product of any policy or custom of CCA. Accordingly, the Court concludes that Plaintiff has failed to state a claim for relief against CCA, which will be dismissed from this action.

As to Defendant Schofield, the Plaintiff does not allege any specific personal involvement by Schofield in the events described in the complaint, nor is Schofield mentioned in the narrative section of the complaint. Plaintiff must identify the right or privilege that Schofield violated and Schofield's role in the alleged violation, *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). Here, Plaintiff has failed to do so. Thus, the Plaintiff's claims against Schofield should be dismissed.

Similarly, aside from listing him as a Defendant, Plaintiff does not allege any facts against Damon Hininger. A defendant's personal involvement in the deprivation of constitutional rights is required to establish his or her liability under § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); Miller v. Calhoun Cnty., 408 F.3d 803, 817 n. 3 (6th Cir. 2005). In the absence of any allegations of his personal involvement in violating Plaintiff's rights, Defendant Hininger should be dismissed.

Plaintiff's claims against several Defendants are partially premised on the Defendants' response, or lack of response, to the Plaintiff's grievances and/or complaints. A plaintiff cannot base a § 1983 claim on allegations that an institution's grievance procedure was inadequate and/or unresponsive because there is not an inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Because a prisoner does not have a constitutional right to an effective or responsive

grievance procedure, the Plaintiff's claims based on any Defendant's failure to respond to the Plaintiff's grievances do not state a claim upon which relief can be granted. These claims will be dismissed.

For his retaliation claim, Plaintiff must allege plausible facts that: (1) Plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against Plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by Plaintiff's protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Plaintiff alleges that Defendant Bowers threatened not to allow him to eat lunch if he continued his verbal complaints to him about the whereabouts of a grievance form he had submitted. (Doc. No. 1, at 9, 16.) This alleged threatened deprivation of a single meal is insufficient to meet the retaliation threshold. Plaintiff's retaliation claim should therefore be dismissed for failure to state a claim upon which relief can be granted.

As to the remaining claims, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(collecting cases); *Grubbs v. Bradley*, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. *Bellamy v. Bradley*, 729 F.2d 416 (6th Cir. 1984); *Hancock v. Avery*, 301 F. Supp. 786, 792 (Tenn.1969) (finding an Eighth Amendment violation where prisoner was subjected to "dry cell confinement" and "forced to sleep in the nude on a bare concrete floor without even the comfort of a blanket", was "deprived at all times of adequate light and ventilation", and "was provided with no

means by which he [could] maintain his personal cleanliness, with the result that he [was] forced to live and eat under animal-like conditions."). Thus, the Court concludes that Plaintiff's complaint states colorable Eighth Amendment claims based upon his allegations about the conditions of the Plaintiff's confinement against Defendants Lindamood, Bryant, Trafton, Staggs, Bowers, Turman, James, Martinez, Brantley, Moore and Wesson. 28 U.S.C. § 1915A. These claims shall proceed for further factual development.

Plaintiff next asserts that Defendant Pevahouse failed to hold a disciplinary hearing before or after the Plaintiff was placed into administrative segregation on charges that the Plaintiff participated in security threat group activity. (Docket Entry No. 1 at 8). To state a claim for the violation of due process arising from his placement in segregation, a prisoner must show that he suffered restraint that imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Rimmer–Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir.1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). As discussed above, the Court has found that the deprivations Plaintiff allegedly experienced in segregation were sufficiently extreme to state a nonfrivolous claim for violation of the Eighth Amendment. Such deprivations necessarily constitute an "atypical and significant hardship" that implicates a right to due process. Determining what process was due to Plaintiff and whether he received such process will require development of this claim beyond initial review.

Lastly, prison inmates do not lose their First Amendment right to exercise their religion because of incarceration. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). However, "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir.1985).

The First Amendment does not require that prison officials provide inmates with the best possible means of exercising their religious beliefs, nor does it require that general prison policies and concerns become subordinate to the religious desires of any particular inmate; the internal administration of a correctional facility is a function legitimately left to the discretion of prison administrators. *See O'Lone*, 482 U.S. 342, 348; *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L.Ed.2d 447 (1979); *Procunier v. Martinez,* 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L.Ed.2d 224 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 109 S. Ct. 1874, 104 L.Ed.2d 459 (1989). Based upon Plaintiff's allegations of the withholding of Plaintiff's religious materials, the Court concludes that Plaintiff's allegations against Defendants Trafton and Brantley state viable First Amendment claims.

In sum, the Court concludes that Plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to all claims against Defendants TDOC, Schofield, CCA and Hininger, Plaintiff's claims based on any Defendant's failure to respond to Plaintiff's grievances, and Plaintiff's retaliation claim against Bowers. 28 U.S.C. § 1915A. As to the remaining Defendants, the Court concludes Plaintiff states colorable First, Eighth and Fourteenth Amendment claims under 42 U.S.C. § 1983 and those claims shall proceed for further development.

An appropriate Order is filed herewith.

**ENTERED** this the ____ day of December, 2016.

William J. Haynes, Jr.
Senior United States District Judge